In the Matter of the Claim of ERNEST FRANCE, Respondent, against CHARLES U. SIMON and JAMESTOWN MUTUAL INSURANCE Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award to administrators of the deceased employee of the portion of a schedule award which had accrued and was due before the death of the employee. The State Industrial Board has determined that the amount which had accrued prior to the employee's death vested in his estate. Decision and award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of GUSTAV KATZ, Respondent, against THE CARBORUNDUM COMPANY and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— On September 9, 1937, the claimant was engaged in the regular course of his employment and strained the lumbar region of his back and as a result received serious injuries which caused him to be totally disabled from September 9, 1937 to March 29, 1938, and partially disabled thereafter. An award of total disability was paid for that period. Following the accident and throughout the period of the award now on appeal the claimant performed no work. For the period of the award on appeal he was assigned to wage earning capacity of fifty per cent although he had no actual earnings. The record contains evidence which shows that the claimant was disabled subsequent to March 29, 1938, as a result of the accident and that the fifty per cent earning capacity assigned was fair and reasonable. Award unanimously affirmed with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of HARRIET M. MEISTER (GEORGE MEISTER, Deceased), Appellant, against E. W. EDWARDS & SON and THE TRAVELERS INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by claimant, the widow of George Meister, deceased employee, from the decision of the State Industrial Board disallowing her claim for services as a nurse. The deceased employee was injured in the course of his employment on December 18, 1931. As a result of those injuries he died on February 14, 1939. Awards were made to him for permanent total disability. After receiving his injuries, decedent was confined in the hospital until May 14, 1932. He was then removed to his home and remained there until his death. After his death claimant made an oral claim for damages for nursing services to the decedent for approximately a period of seven years. No such claim was ever presented during the lifetime of the decedent. The employer and insurance carrier were never notified of such claim. No request was made upon the employer and insurance carrier to provide such nursing services. Decedent never incurred any expenditure or liability for nursing services. The evidence sustains the finding of the State Industrial Board. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.